USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

FARRIN B. ENTERZARI-ULLAH,

       Debtor.

------------------------------------------------------------X
------------------------------------------------------------X

FARRIN B. ENTERZARI-ULLAH,

       Appellant,

   -v-

THE COLUMBIA CONDOMINIUM,

       Appellee.

------------------------------------------------------------X

18 Civ. 1380 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On February 15, 2018, appellant Farrin B. Enterzari-Ullah ("Ullah") filed a notice of appeal in this case. Dkt. 1. The next day, she filed an emergency motion seeking reversal of an order dated February 13, 2018 by the Honorable Shelley C. Chapman, United States Bankruptcy Judge. *See* Dkt. 2 ("Emergency Mot."). That order, which dismissed Ullah's fourth successive bankruptcy petition as made in bad faith and barred Ullah from filing successive such petitions, effectively cleared the way for the sale on February 21, 2018 of Ullah's condominium unit. On February 20, 2018, appellee the Columbia Condominium (the "Condominium") filed a letter response urging denial of the motion. Dkt. 3 ("Response"). For the reasons that follow, Ullah's emergency motion is denied.

1

## I. Background

This bankruptcy cases arises out of a lien held by the Condominium on Ullah's condominium unit resulting from Ullah's failure to pay common charges. On October 6, 2015, Ullah filed for relief under Chapter 11 of the Bankruptcy Code. *See In re Farrin Ullah*, Bankr. S.D.N.Y. No. 15-12737 (SCC), Dkt. 1. During those proceedings, the Condominium filed, and the Bankruptcy Court granted, a motion for relief from the automatic stay. *See id.*, Dkts. 36, 51.

On May 16, 2016, Ullah filed a Chapter 7 case arising from the same foreclosure, also before Judge Chapman. *See In re Farrin B. Enterzari-Ullah*, Bankr. S.D.N.Y. No. 16-11416 (SCC), Dkt. 1. Ullah's initial, Chapter 11 bankruptcy case was still pending. On June 14, 2016, the Bankruptcy Court dismissed the Chapter 7 case, construed the petition as a motion to convert the pending Chapter 11 case to a Chapter 7 case, and granted the motion to convert. *See id.*, Dkt. 23. Ullah thereupon withdrew the original petition, as converted, and Judge Chapman dismissed the case. *See* No. 15-12737, Dkt. 70.

On July 26, 2017, Ullah filed yet another bankruptcy petition, her third, arising from the same foreclosure. *See In re Farrin (Batool) Enterzari-Ullah*, Bankr. S.D.N.Y. No. 17-12053 (SCC), Dkt. 1. This petition, brought under Chapter 11 and also before Judge Chapman, remains pending. In connection with this matter, as with the two before, the Condominium filed a motion for relief from the automatic stay so as to permit the sale of Ullah's condominium to go forward. *See id.*, Dkt. 14. On October 27, 2017, the Bankruptcy Court granted the motion. *See id.*, Dkt. 26. On November 13, 2017, Ullah filed a notice of appeal. *See id.*, Dkt. 31. On January 17, 2018, the Bankruptcy Court entered an order denying Ullah's motion for a stay pending appeal. *See id.*, Dkt. 42.

On January 22, 2018, in connection with her third petition (*i.e.*, in the 17-12053 matter), Ullah filed an emergency motion in the United States District Court to reverse Judge Chapman's order lifting the automatic stay. *See In re Farrin (Batool) Enterzari-Ullah*, S.D.N.Y. No. 17-cv-8971 (PGG), Dkt. 7. On January 24, 2018, Judge Gardephe denied that motion on the ground that the notice of appeal had not been timely filed. *See id.*, Dkt. 12. Judge Gardephe therefore directed the Clerk of Court to close the case. *See id.* at 5. On February 12, 2018, Ullah moved for reconsideration. *See id.*, Dkt. 14. On February 15, 2018, Judge Gardephe denied the motion for reconsideration. *See id.*, Dkt. 16.

Consistent with the Bankruptcy Court's repeated liftings of the automatic stay attendant to Ullah's petitions, the Condominium scheduled a foreclosure sale for Ullah's unit for January 24, 2018. *See In re Farrin (Batool) Enterzari-Ullah*, Bankr. S.D.N.Y. No. 18-10160 (SCC), Dkt. 7-1 at 4; *id.*, Dkt. 10 at 3. That day, January 24, 2018, with the 17-12053 bankruptcy case still pending, Ullah filed a fourth petition—the Chapter 7 petition from which this appeal is taken. *See* Bankr. S.D.N.Y. No. 18-10160 (SCC), Dkt. 1 (the "18-10160 Petition"). On January 25, 2018, the Condominium moved to dismiss the 18-10160 Petition for abuse pursuant to 11 U.S.C. § 707(b). It argued that the petition, Ullah's fourth, was "an obvious attempt to circumvent [the Bankruptcy Court's] orders, and frustrate the Condominium's attempts to foreclose." *See id.*, Dkt. 7 at 2. On January 30, 2018, Ullah filed an opposition. *See id.*, Dkt. 10.

On February 13, 2018, Judge Chapman dismissed the fourth petition as having been filed in bad faith. She reasoned, first, that "all interested parties [were] afforded an opportunity to be heard"; second, that Ullah's Chapter 11 case was still pending; and third, that Ullah filed the instant bankruptcy case "solely to trigger a new automatic stay to stop a foreclosure sale that was scheduled for January 24, 2018." *Id.*, Dkt. 12 at 1 (the "Order"). Judge Chapman further

3

enjoined Ullah from commencing a voluntary case under any chapter of the Bankruptcy Code, in any jurisdiction, for 180 days following issuance of the order. Order at 2.

On February 15, 2018, Ullah filed a notice of appeal to this Court. *See id.*, Dkt. 13. The next day, Ullah filed an emergency motion to reverse Judge Chapman's February 13, 2018 order. As the ground for the motion, she stated that the Bankruptcy Court had "made its decision without considering [Ullah's] reply opposition." Emergency Mot. at 1. Ullah's motion was made on an emergency basis because her apartment is scheduled to be sold at auction on February 21, 2018. *Id.* at 4–5. Ullah claims that this auction is unlawful, as the Condominium failed to give three weeks' public notice as required by law. *Id.* at 4.

## II. Discussion

The Court denies Ullah's emergency motion on both procedural and substantive grounds.

As to procedural deficiencies: Ullah's motion seeks to "reverse Judge Chapman's order dated February 13, 2018." Emergency Mot. at 1.[1] But to grant such relief—*i.e.*, to revive Ullah's fourth bankruptcy action as potentially meritorious—the Court would require a complete record and briefing. *See* Bankr. R. 8006, 8009. Given the press of time, the Condominium has not had a full opportunity to develop its arguments for affirmance. Moreover, to the extent that Ullah recasts the relief she seeks as a request that this Court intervene to stay the auction scheduled for February 21, 2018, *see* Emergency Mot. at 4–5, Ullah effectively asks the Court to vitiate Judge Gardephe's and Judge Chapman's orders in the third petition, as well as Judge Chapman's order in the fourth, so as to re-impose the automatic stays that Judge Chapman held

---

[1] The motion does not seek a stay of the Bankruptcy Court's decision, and properly so. *See* Bankr. R. 8007(a), (b) (directing parties seeking a stay pending appeal to "move first in the bankruptcy court" absent a showing that seeking relief in that Court would be impracticable).

4

were properly lifted. Ullah does not, however, appeal Judge Gardephe's ruling dismissing her appeal. The Court will not permit Ullah to end-run this proper procedure.

As to substantive deficiencies: Assuming *arguendo* that the Court may reverse Judge Chapman's Order without the benefit of full briefing and an appellate record, Ullah's motion is substantively without merit. The Court has taken judicial notice of the proceedings underlying this bankruptcy litigation. The documents filed there amply demonstrate that Judge Chapman's Order was proper.

First, consistent with Judge Chapman's finding, *see* Order at 1 ("all interested parties having been afforded an opportunity to be heard with respect to the Motion"), and contrary to Ullah's representations, *see* Emergency Mot. at 1–3, Ullah did have the opportunity to be heard in the Bankruptcy Court on her fourth petition. Ullah claims that on February 8, 2018, the Condominium's counsel sent Ullah by email a proposed order granting the Condominium's motion to dismiss and gave her 48 hours to respond with any comments. *See* Emergency Mot. at 1–2 & Ex. II. Ullah claims that she saw the email only on February 10, 2018, and notes further that she should have been served by mail rather than email. *See id.* at 2. On February 11, 2018, Ullah claims, she delivered "reply opposition papers" to a process server, and the next day, the process server informed Ullah that the papers had been filed. *See id.* But, Ullah claims, on February 14, 2018, she saw on PACER that her opposition had not been docketed, and that Judge Chapman had already issued her decision dismissing the petition. *See id.* From this chain of events, Ullah reasons that Judge Chapman had issued the order terminating the fourth petition without the benefit of Ullah's submission. *Id.* at 3.[2]

---

[2] The Condominium acknowledges sending Ullah the proposed order by email on February 8, 2018, but explains that it did so pursuant to Judge Chapman's instructions on the record of a February 8, 2018 conference. *See* Response at 2. The transcript of that conference is currently

5

But even if this were so, Ullah—apart from having vigorously participated in the three substantially similar prior bankruptcy proceedings concerning whether an automatic stay should block a foreclosure sale of her apartment—had the opportunity to file in this fourth action, and *did* file, a brief opposing the Condominium's motion to lift the stay. *See* Bankr. S.D.N.Y. No. 18-10160 (SCC), Dkt. 10. Ullah's nine-page brief began, "[t]his is an opposition against motion of Columbia Condominium to grant relief from Automatic Stay." *Id.* at 1. It proceeded to explain, *inter alia*, that Ullah was "sure [she] could come up with substantial amount to pay the condo and stop the auction and keep [her] home." *Id.* at 6. The Condominium's motion to lift the stay, to which Ullah's brief responded, articulated the theory of dismissal ultimately adopted by Judge Chapman. Ullah cannot seriously argue now that she has been denied an opportunity to be heard on the issue at hand.

Further, Judge Chapman's Order was proper in all other respects. As Judge Chapman recognized, this bankruptcy proceeding was filed "while [Ullah's] Chapter 11 case was still pending." Order at 1; *see also* Bankr. S.D.N.Y. 18-1016 (SCC), Dkt. 1 (petition filed January 24, 2018); Bankr. S.D.N.Y. 17-12053 (SCC), Dkt. 45 (Judge Gardephe order denying motion to vacate Bankruptcy Court order issued January 30, 2018). Judge Chapman also correctly held that Ullah "fil[ed] the instant bankruptcy case solely to trigger a new automatic stay to stop a foreclosure sale that was scheduled for January 24, 2018." Order at 1. Indeed, in her brief in the Bankruptcy Court, Ullah admits as much. She stated there that because Judge Gardephe had not yet decided whether to reverse Judge Chapman's October 27, 2017 decision, Ullah "decided to

---

unavailable. The Condominium adds that it informed Judge Chapman that Ullah did not provide any comments within the allotted 48 hours. *See id.* Instead, the Condominium notes, Ullah "attempted to voluntarily dismiss [the case] in order to avoid the injunction provisions that the Bankruptcy Court approved." *Id.* at 2 & Ex. B.

6

file bankruptcy," which would "give [her] a chance to wait and find out about [Judge Gardephe's] decision." Bankr. S.D.N.Y. No. 18-10160 (SCC), Dkt. 10. Ullah thus admittedly exploited the automatic stay mechanism by filing a duplicative bankruptcy petition. This ploy supports the relief entered by Judge Chapman. And it reinforces the central truth here: To the extent any remedies remain available to Ullah, they lie in the earlier filed Chapter 11 suit still pending before Judge Chapman or Judge Gardephe, *see* Bankr. S.D.N.Y. No. 17-12053 (SCC); S.D.N.Y. No. 17-cv-8971 (PGG), not in this collateral attack on that legitimate proceeding.[3]

## CONCLUSION

For the foregoing reasons, the Court denies Ullah's emergency motion.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 20, 2018
New York, New York

---

[3] As noted, Ullah makes the secondary argument that this Court should "stop the auction" because it was not "advertised for 3 weeks after release of stay of the Court dated Feb 13, 2018." Emergency Mot. at 5. That argument should properly have been made, in the first instance, in the Bankruptcy Court. In any event, Ullah does not cite any authority for the proposition that an auction must be advertised either three weeks after release of the automatic stay or three weeks before an auction is to take place. Even if that were so, the automatic stay in Ullah's case was lifted long before February 13, 2018. *See* Bankr. S.D.N.Y. No. 17-12053 (SCC), Dkt. 26 (order issued October 27, 2017). And the document supplied by Ullah announces only a *postponement* of an auction sale. *See* Emergency Mot. at Ex. IX. Ullah nowhere alleges, let alone substantiates, that the original sale, scheduled for January 24, 2018, was improperly noticed.